FILED
FEB 27 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAURICE A. PIMBLE ) | |
| DCDC # 299470 ) | |
| 1901 D Street, SE ) | |
| Washington, D.C. 20003, ) | |
| Plaintiff, ) | Case: 1:08-cv-00344 |
| v. ) | Assigned To : Leon, Richard J. |
| THE DISTRICT OF COLUMBIA ) | Assign. Date : 2/27/2008 |
| PUBLIC SCHOOLS ) | Description: Admn. Agency Review |
| and ) | Civil Action No. _____ |
| MICHELLE RHEE, CHANCELLOR ) | |
| OF THE DISTIRCT OF COLUMBIA ) | |
| PUBLIC SCHOOLS ) | |
| 825 North Capitol Street, NE ) | |
| Suite 9076 ) | |
| Washington, D.C. 20002 ) | |
| and ) | |
| ADRIAN FENTY, MAYOR OF THE ) | |
| DISTRICT OF COLUMBIA ) | |
| 1350 Pennsylvania Avenue, NW ) | |
| Washington, D.C. 20004, ) | |
| Defendants. ) | |

RECEIVED
FEB - 6 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## COMPLAINT

Plaintiff, Maurice A. Pimble, by and through undersigned counsel, submits this complaint against the above-named Defendants, their employees, agents, and successors in office, and in support thereof alleges the following:

### PRELIMINARY STATEMENT

1. Plaintiff, Maurice Pimble, a person classified for special education purposes as learning disabled and severely emotionally disturbed, brings this action to challenge the defendants' failure to provide him with a free appropriate public education (FAPE). In addition, Mr. Pimble brings this action to challenge the failure by Defendants to develop and provide individualized education programs (IEPs) and related services. Defendants are responsible for the denial to Plaintiff of FAPE, appropriate IEPs, and related services.

2. This action is an appeal of an erroneous administrative hearing officer's determination issued on November 8, 2007 as a result of a due process initiated by the plaintiff. Mr. Pimble is an aggrieved party under the Individuals with Disabilities Education Act. The hearing officer ruled in favor of Mr. Pimble, but granted him compensatory education for a period of only eight months. The hearing officer erred and should have granted compensatory education – as Mr. Pimble had requested – to address a denial of FAPE by the District of Columbia Public Schools to Mr. Pimble for a period of thirteen years or, in the alternative, to address a denial of FAPE for a period of at least three years. The hearing officer ignored uncontroverted expert testimony regarding Mr. Pimble's special education needs and failed to specify in the grant of compensatory education an appropriate form and content for that relief, as required by case law.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 20 U.S.C § 1415(i), which provides that the decision issued by the Hearing Officer is final, except that any party aggrieved by the findings and decision of the Hearing Officer shall have 90 days from the date of the decision of the hearing officer to file action with respect to the issues presented at the due process hearing in a district court of the United States.

4. Jurisdiction is also proper pursuant to 20 U.S.C. §1415(i)(3)(A) which provides that the plaintiff, the party aggrieved by the Hearing Officer's denial of appropriate relief, has a right to bring an appeal in the form of a civil action in a district court in the United States "without regard to the amount in controversy."

5. Additionally, the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

6. Venue is proper in this jurisdiction pursuant to 28 U.S.C §1391(b) because jurisdiction is not based on diversity, the defendants are in this judicial district, and the events or omissions underlying the claims occurred in this judicial district.

## PARTIES

7. Plaintiff, Maurice A. Pimble, is a citizen of the United States of America and a resident of the District of Columbia. Mr. Pimble is currently in the custody of the Federal Bureau of Prisons and placed at the District of Columbia Jail. Mr. Pimble is classified for special education purposes as a student with learning disabilities and serious emotional disturbance. Accordingly, Mr. Pimble was eligible at all times relevant to this case, under the Individuals with Disabilities Education Act (IDEA), to receive from the District of Columbia Public Schools special education and related services.

8. Defendant, District of Columbia Public Schools (DCPS), is the local education agency charged with providing Plaintiff with a free appropriate public education.

9. Defendant, Michelle Rhee, Chancellor of DCPS, is the Chief Administrator and Executor Officer of DCPS and is responsible for ensuring that each special education student is found, located, and evaluated, and that DCPS provides to each special education student a free appropriate public education. Plaintiff is suing Ms. Rhee in her official capacity as the Chancellor of the District Columbia Public Schools.

10. Defendant, Honorable Adrian Fenty, is the head of the municipal government of the District of Columbia. The District of Columbia must ensure that each public agency establishes, maintains, and implements procedural safeguards that meet the requirements of the Individual with Disabilities Education Act (IDEA). The IDEA is binding on each public agency that provides special education services to children with disabilities. As head of the D.C. government, Mayor Fenty is legally responsible for DCPS.

FACTS

11. Maurice Pimble was born on May 19, 1985. He is twenty-two years old and is a resident of the District of Columbia.

12. Mr. Pimble is diagnosed as learning disabled and seriously emotionally disturbed for the purposes of the Individuals with Disabilities Education Act (IDEA).

13. Mr. Pimble's learning disability and severe emotional disturbance interfere substantially with his learning capabilities.

14. Mr. Pimble attended DCPS from 1991- 2002.

15. Mr. Pimble attended the first grade at Rudolph Elementary School during the 1991-1992 school year. At the end of the school year, Mr. Pimble failed the first grade.

16. Notwithstanding that fact that Mr. Pimble was repeating the first grade, DCPS failed to evaluate Mr. Pimble in order to determine whether he was a student with a learning disability or other education-related disabilities.

17. Mr. Pimble attended the third grade at Rudolph Elementary School during the 1994-1995 school year. Mr. Pimble failed almost every subject in the third grade, and DCPS required him to repeat the third grade following the 1994-1995 school year.

18. Notwithstanding the fact that Mr. Pimble was repeating the third grade (a second repeated grade), DCPS personnel failed to evaluate Mr. Pimble in order to determine whether he was eligible for special education services.

19. During the 1996-1997 school year, Mr. Pimble was twelve years old and was in the fourth grade.

20. Mr. Pimble failed the fifth grade twice (once at the end of the 1997-1998 school year and a second time at the end of the 1998-1999 school year).

21. Standardized testing demonstrated that Mr. Pimble was not receiving educational benefit from his school (DCPS) placements.

22. Notwithstanding the fact that Mr. Pimble repeated the fifth grade twice, DCPS failed to evaluated Mr. Pimble in order to determine whether he eligible for special education services.

23. DCPS never developed a proper IEP for Mr. Pimble.

24. DCPS never evaluated Mr. Pimble until a hearing officer ordered them to do so in 2005.

25. DCPS never notified Mr. Pimble's mother, Twandya Lewis, that Mr. Pimble required, and was eligible for, special education services. DCPS failed also to consult with Ms. Lewis regarding her son's special education needs.

26. DCPS never invited Ms. Lewis, Mr. Pimble's mother, to attend an IEP meeting regarding her son's special education needs. DCPS failed to notify Ms. Lewis of her procedural rights – and the relevant procedural safeguards – under the IDEA.

27. Mr. Pimble never received proper special education services based on a valid IEP while attending DCPS schools.

28. Mr. Pimble was homeless for a period of a year that coincided with, or began during, the 2001-2002 school year.

29. DCPS did not appoint a surrogate parent for Mr. Pimble for the time period during which he was homeless.

30. Mr. Pimble did not receive special education services while at the D.C. Jail from February 2004 to February 2005.

31. On November 8, 2007, Hearing Officer Seymour DuBow ordered DCPS to render eight months of compensatory education to Mr. Pimble.

## CLAIM I

## VIOLATION OF THE INDIVIDUALS WITH DISABILITIES

## EDUCATION Act of 1997

32. DCPS failed to identify Mr. Pimble as a child with a disability throughout the years that he was in elementary school, in violation of 20 U.S.C. §§1401(3) and 1412(a)(3).[*]

33. DCPS failed to have in effect policies and procedures to ensure proper locating, identification, and evaluation for special education purposes of all children with disabilities in D.C. who are in the need of and entitled to special education and related services. These failures by DCPS violated 20 U.S.C. §§1401(3) and 1412(a)(3).

34. From 1992 to 2005, DCPS failed to provide Maurice with a free appropriate public education (FAPE), in violation of 20 U.S.C. §1401(9) and 34 C.F.R §300.17.

35. From 1992 to 2005, DCPS failed to develop a proper individualized education program (IEP) for Mr. Pimble, in violation of 20 U.S.C. §§1412(a)(1), 1412(a)(12)(A)(i), 1414(d)(3), 1414(d)(4)(B), 1414(d)(7), and 1414(e).

36. From 1992 to 2005, DCPS failed to evaluate Mr. Pimble to determine the extent of Mr. Pimble's education-related disabilities, in violation of 20 U.S.C §1414(a).

37. From 1992 to 2005, DCPS failed to evaluate Maurice Pimble in accordance with the IDEA, in violation of 20 U.S.C. §§1414(a)(1)(D) and 1414(c).

38. From 1992 to 2005, DCPS failed to provide special education and related services for Maurice Pimble in accordance with a valid individualized education program, in violation

---

[*] For purposes of clarity and simplicity, citations in this complaint are to the 2004 version of the federal law, the Individuals with Disabilities Education Improvement Act, and to the current version of the federal regulations at 34 C.F.R. part 300. Many of the events and violations to which Plaintiff refers in this complaint occurred prior to the 2004 amendments to the IDEA. In later filings in this matter, Plaintiff will use relevant pre-2004 citations, as well.

of 20 U.S.C. §§1412(a)(1),1412(a)(12)(A)(i); 1414(d)(3), 1414(d)(4)(B), and 1414(d)(7);and 1414(e); 1414(d)(2)(A)–(C).

39. DCPS failed to review Mr. Pimble's 2001 and 2004 IEP periodically, but not less than annually, to determine whether his annual goals were being achieved, in violation of 20 U.S.C. §§ 1412 (a)(1), 1412(a)(12)(A)(i), 1414(d)(3), 1414(d)(4)(B), 1414(d)(4)(B)(7), and 1414(e).

40. From 2001 to 2005, DCPS failed to revise the IEP for Maurice Pimble, as appropriate, to address any lack of progress toward the annual goals, in violation of 20 U.S.C. §§ 1412 (a)(1), 1412(a)(12)(A)(i), 1414(d)(3), 1414(d)(4)(B), 1414(d)(4)(B)(7), and 1414(e).

41. From 1992 to 2005, DCPS failed to develop, review, and revise any IEP for Maurice Pimble, in violation of 20 U.S.C. §1412(a)(4).

42. From 2001to 2002, DCPS failed to ensure that the rights of Mr. Pimble were protected during the time that he was an unaccompanied youth as defined in section 725(6) of the McKinney-Vento Homeless Assistance Act, in violation of 42 U.S.C. §11431 and 20 U.S.C. §1415(b)(2).

43. From 2001 to 2002, DCPS failed to appoint a surrogate parent during the time that Maurice was homeless, in violation of 20 U.S.C. §1415(b)(2).

44. From 1992 through May 19, 2003, DCPS failed to ensure that the IEP Team for Mr. Pimble included his mother, in violation of 34 C.F.R. §300.321(a)(1).

45. DCPS failed to provide Ms. Lewis, Mr. Pimble's mother, with a notice of her procedural safeguards as a parent of a child with a learning disability, in violation of 20 U.S.C. §1415(d).

By misrepresenting material facts regarding Maurice Pimble's educational needs and status and, specifically, by repeatedly telling Ms. Lewis that his problems were attributable solely to his behavioral issues, DCPS violated 20 U.S.C. §§1415(f)(1)(A) and 1415(f)(3)(A)–(D).

## CLAIM II

## VIOLATION OF DISTRICT OF COLUMBIA MODEL RULES

46. Prior to 1998, a failure by DCPS to evaluate an elementary student for special education eligibility who was bound to fail, or who actually failed, a grade level constituted a violation of 5 D.C.M.R. §2201.08. (*See also*, 5 D.C.M.R. §2201.09.) DCPS failed to evaluate Mr. Pimble in 1992 when he failed the first grade. DCPS failed to evaluate Mr. Pimble in 1995 when he failed the third grade. DCPS failed to evaluate Mr. Pimble in 1998 when he failed the fifth grade. DCPS failed to evaluate Mr. Pimble in 1999 when he failed the fifth grade for the second time.

47. Had DCPS evaluated Mr. Pimble during these different stages of elementary school, as required by law, Mr. Pimble would have been determined eligible for special education and related services. He should have received FAPE during those years. Had he received appropriate special education and related services and received educational benefit, he would have made substantial progress academically and emotionally. Consequently, DCPS is required to provide compensatory education services to Mr. Pimble to address the deficits that resulted from the failure of DCPS to evaluate and appropriately educate and serve Mr. Pimble.

## CLAIM III

## THE HEARING OFFICER'S DETERMINATION ISSUED ON NOVEMBER 8, 2007 IS ERRONEOUS AS A MATTER OF LAW AND FACT

48. The Hearing Officer's findings of fact do not comport with the evidence produced at the Due Process Hearing on April 25, 2005 and October 31, 2007. Thus, the Hearing Officer's Determination is erroneous as a matter of fact. Accordingly, the U.S. District Court should accord no deference to the Hearing Officer's findings of fact.

49. The Hearing Officer based his conclusions of law on erroneous findings of fact, and he also misconstrued or ignored other legal bases relevant to Mr. Pimble's claims. Thus, the Hearing Officer's Determination is erroneous as a matter of law and should be reversed.

50. The Hearing Officer in his finding of facts erroneously found that Mr. Pimble received special education services at Johnson Junior High School during the 2000-2001 school year. The uncontroverted testimony of Mr. Pimble and the expert witness, Rona Fields, Ph.D., established that Mr. Pimble never received appropriate special education services. DCPS introduced no proof that they ever provided special education services to Mr. Pimble at Johnson Junior High School or at any other DC school. The Hearing Officer used Mr. Pimble's report card from the 2000-2001 school year as proof that Mr. Pimble received special education services. The Hearing Officer based his erroneous finding (that DCPS provided special education service to Mr. Pimble) on a review of Mr. Pimble's report card from the 2000-2001 school year and on a report that Mr. Pimble was in a special education class.

51. The report card for Maurice Pimble from the 2000-2001 school year did not accurately reflect Mr. Pimble's academic progress or lack thereof. Grades from a report card, absent supporting testimony or other evidence, cannot establish that a student received FAPE.

52. Prior to Mr. Pimble's reported placement in a special education classroom during the 2000-2001 school year at Johnson Junior High School, DCPS did not evaluate Mr. Pimble for special education purposes. Further, DCPS did not implement a valid IEP. Accordingly, Mr. Pimble did not receive proper special education services and received no demonstrative educational benefit during the 2000-2001 school year at Johnson Junior High School.

53. The Hearing Officer erroneously found that Mr. Pimble may have received some special education at Roosevelt Senior High School during the 2001-2002 school year. Based on DCPS' failure to conduct evaluations and implement a valid IEP, and based also on uncontroverted from Mr. Pimble and Dr. Fields, the record in this matter established that DCPS denied Mr. Pimble FAPE at Roosevelt Senior High School during the 20001-2002 school year.

54. The Hearing Officer erroneously found that Mr. Pimble dropped out of Roosevelt Senior High School during the 2001-2002 school year. Uncontroverted testimony showed that Mr. Pimble was prevented from attending Roosevelt Senior High School for the second half of the 2001-2002 school year due to a lack of transportation caused by his homelessness.

55. The Hearing Officer in his finding of facts erroneously found that Mr. Pimble received some special education services at the D.C. Jail from October 2004 to October 2005. Mr. Pimble testified that he did not receive special education services at the D.C. Jail. DCPS

did not supply evidence that Mr. Pimble received special education services at the D.C. Jail. Accordingly, the Hearing Officer's finding that Mr. Pimble received special education services while at the D.C. Jail deserves no deference.

56. In awarding compensatory education to Mr. Pimble, the Hearing Officer incorrectly awarded an amount of time rather than, as required by case law, determining the form and amount of compensatory education that are required to bring Mr. Pimble to the level of academic, emotional, and vocational accomplishment that he would have reached if he had received a FAPE. The Hearing Officer failed to take into consideration Mr. Pimble's emotional disturbance in awarding compensatory education. This omission is evidenced by the fact that the Hearing Officer did not award any counseling or other related services in the compensatory education award. Accordingly, the Hearing Officer's calculation of the compensatory education award deserves no deference.

57. The Hearing Officer did not properly weigh the expert testimony provided by Rona Fields, Ph.D. Dr. Fields' provided a calculation for compensatory education that would put Mr. Pimble on the academic and emotional level he would have achieved had he received a FAPE. Accordingly, the Hearing Officer's calculation of the compensatory education award deserves no deference.

58. The Hearing Officer ruled that the applicable statute of limitations for IDEA matters in the District of Columbia prior to the 2004 amendments to the federal special education statute was three years. Plaintiff does not dispute that ruling. The Hearing Officer, however, incorrectly ruled that the three-year statute of limitations ran against Mr. Pimble. The statute of limitations did not run against Mr. Pimble because DCPS withheld information from Ms. Lewis, Mr. Pimble's mother, which prevented her from

filing a due process complaint. DCPS repeatedly told Ms. Lewis that Mr. Pimble's difficulties in school were attributable to a behavioral problem. As a result, DCPS misrepresented critical facts that would have formed the basis of a due process complaint. Accordingly, the hearing officer should have ruled that the statute of limitations did not run. Thus, the Hearing Officer's Determination, as to the statute of limitations, is erroneous as a matter of fact and law.

59. The Hearing Officer should have applied the continuing violation doctrine in its application to the statue of limitations. In the alternative, the Hearing Officer should have applied the equitable tolling doctrine in ruling on the statue of limitations. Thus, the Hearing Officer's Determination as to the statue of limitations is erroneous as a matter of fact and law and this court should rule that the statute of limitations did not run against Mr. Pimble and his mother.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Order DCPS to provide Mr. Pimble compensatory education and related services, including but not limited to, counseling and transition services, as consistent with the testimony of the expert witness and in accordance with case law.

2. Order DCPS to provide Mr. Pimble compensatory education and related services to compensate for a denial of FAPE for a period of thirteen years. In the alternative, if the court finds that the three-year statute of limitations applies, the court should order DCPS to provide Mr. Pimble compensatory and related services to compensate him for the denial of FAPE for a three-year period.

3. Award Plaintiff's costs and fees in this matter, as well as any other relief that this Court deems appropriate.

Respectfully submitted,

*/s/ Joseph B. Tulman*

Joseph B. Tulman, Esq.
DC Bar # 297671

Colleen Archer and Alea Harmon, Law Student Advocates
University of the District of Columbia David A. Clarke School of Law
Juvenile and Special Education Law Clinic
4200 Connecticut Avenue, N.W.  Bldg. 38, Rm. 207
Washington, DC  20008
(202) 274-7317
Jtulman@udc.edu




Maurice A. Pimble
Plaintiff

*/s/ Maurice Pimble*

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Maurice A. Pimble | The District of Columbia Public Schools, Michelle Rhee, and Mayor Adrian Fenty |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001  (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001  (IN U.S. PLAINTIFF CASES ONLY)  NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)  Joseph B. Tulman  University of the District of Columbia  David A. Clarke School of Law  Juvenile and Special Education Legal Clinic  4200 Connecticut Avenue, NW  Building 38, 2nd Floor  Washington, DC 20008 | ATTORNEYS (IF KNOWN)  Case: 1:08-cv-00344  Assigned To : Leon, Richard J.  Assign. Date : 2/27/2008  Description: Admn. Agency Review |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

◉ **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**
Any nature of suit from any category may be selected for this category of case assignment.
*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Individuals with Disabilities Education Act (IDEA) 20 U.S.C. 1400 Et. seq. An appeal of an erroneous Hearing Officer's compensatory education award.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND: YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 02/06/08    SIGNATURE OF ATTORNEY OF RECORD    *Joseph B. Tulman*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.